UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB J. AZUCENA,<br><br>    Plaintiff,<br><br>v.<br><br>RUNJYIN,<br><br>    Defendant. | Case No. 23-cv-03234-HSG<br><br>**ORDER OF SERVICE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 2 |

Plaintiff Caleb Azucena brings this *Bivens* action against the United States Customs and Border Protection agent Runjyin. *See* Dkt. No. 1. Plaintiff has also filed an application for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* Dkt. No. 2. For the reasons detailed below, the Court **GRANTS** the application for *in forma pauperis* status, orders the United States Marshal to effect service on defendant Runjyin, and sets a briefing schedule.

**DISCUSSION**

The Court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action and that the action states a claim on which relief may be granted. 28 U.S.C. § 1915(a)(1), (e)(2); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). If the Court determines that the action "fails to state a claim on which relief may be granted," it must dismiss the case. 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    *In Forma Pauperis* Application**

The Court has reviewed Plaintiff's application for leave to proceed *in forma pauperis* and finds that Plaintiff is unable to pay the full amount of fees, costs or give security. *Escobedo*, 787 F.3d at 1234 ("An affidavit in support of an IFP application is sufficient where it alleges that the

1   affiant cannot pay the court costs and still afford the necessities of life."). The Court therefore
2   GRANTS Plaintiff's application for leave to proceed *in forma pauperis*. Dkt. No. 2.

**II.    Section 1915(e) Screening and Ordering Service**

Section 1915(e)(2) mandates that the Court review an *in forma pauperis* complaint before directing the United States Marshal to serve the complaint. *Escobedo*, 787 F.3d at 1234 & n.8. The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Plaintiff must provide the grounds that entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Pro se* pleadings must be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Plaintiff alleges that on February 6, 2022, at San Francisco International Airport, during the course of a pat-down, defendant Runjyin grabbed Plaintiff's penis and buttock. At the end of the pat down, Plaintiff asked if defendant Runjyin was finished. Defendant Runjyin then proceeded to pat down Plaintiff two more times, again grabbing Plaintiff's penis and buttock in the course of the pat down. Plaintiff's passport was ultimately confiscated and Plaintiff was unable to make it to his destination. Plaintiff's airline ticket was not refunded. Plaintiff requests that the Court grant him "any relief." *See generally* Dkt. No. 1.

The Court finds that, liberally construed, Plaintiff's complaint establishes a facially plausible *Bivens* claim and is sufficient to meet the screening requirement under 28 U.S.C. § 1915(a)(1), (e)(2). *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that victim of Fourth Amendment violation by federal officers had damages claim). Having found the complaint sufficient under 28 U.S.C. § 1915, the Court **ORDERS** that the Clerk

issue summons and that the U.S. Marshal or the Clerk's Office for the Northern District of California serve, without prepayment of fees, a copy of the complaint, any amendments, attachments, scheduling orders and other documents specified by the Clerk, and this order upon United States Customs and Border Protection agent Runjyin at the United States Customs and Border Protection San Francisco field office, at 33 New Montgomery Street, 16th Floor, San Francisco, CA 94105.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court GRANTS Plaintiff's application for leave to proceed *in forma pauperis*. Dkt. No. 2.

2. Liberally construed, the complaint states a cognizable *Bivens* claim against United States Customs and Border Protection agent Runjyin.

**3.** The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the operative complaint (Dkt. No. 1), with all attachments thereto, and a copy of this order upon **defendant United States Customs and Border Protection agent Runjyin at the United States Customs and Border Protection San Francisco field office, at 33 New Montgomery Street, 16th Floor, San Francisco, CA 94105**, with a courtesy copy sent to United States Custom and Border Protection Associate Chief Counsel (San Francisco), at 555 Battery Street, Ste 116, San Francisco CA 94111.

4. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

    b.  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c.  Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

  5.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

  6.  All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly

to Defendant, but once Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to Defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

This order terminates Dkt. No. 2.

**IT IS SO ORDERED.**

Dated: 1/12/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge