UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CALEB J. AZUCENA,

        Plaintiff,

v.

RUNJYIN,

        Defendant.

Case No. 23-cv-03234-HSG

**ORDER REQUIRING PLAINTIFF TO EFFECT SERVICE ON DEFENDANT RUNJYIN**

On or about June 29, 2023, Plaintiff commenced this *pro se* action by filing a complaint with this Court. Dkt. No. 1. On January 12, 2024, the Court screened the operative complaint and found that it stated a facially plausible *Bivens* claim against United States Customs and Border Protection agent Runjyin. Dkt. No. 7. The Court ordered the Clerk to issue summons and the United States Marshal to serve, without prepayment of fees, a copy of the operative complaint (Dkt. No. 1) and the service order (Dkt. No. 7) upon defendant United States Customs and Border Protection agent Runjyin at the United States Customs and Border Protection San Francisco field office, at 33 New Montgomery Street, 16th Floor, San Francisco, CA 94105, with a courtesy copy sent to United States Custom and Border Protection Associate Chief Counsel (San Francisco), at 555 Battery Street, Ste 116, San Francisco CA 94111. *See* Dkt. No. 7 at 3.

On March 21, 2024, the United States Marshal filed an unexecuted service of summons for defendant Runjyin, stating that, on January 25, 2024, they were informed that the Customs and Border Protection office was unable to locate any employee with Runjyin as either a first or last name:

//

//

> On 1/25/24 I called the CBP office. I asked the supervisor of that office to locate the first or last name of an officer named Runjyin. The supervisor ran that name in their employee database and told me there are no officers with that first or last name.

Dkt. No. 10.[1]

A plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, but such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over 90 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendant Runjyin, and the complaint was filed on June 29, 2023. Consequently, Plaintiff must remedy the situation or face dismissal of defendant Runjyin without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Accordingly, within twenty-eight (28) days of this order, Plaintiff must effect service on defendant Runjyin, or submit to the Court sufficient information to identify and locate defendant Runjyin such that the Marshal is able to effect service. **Failure to comply with the deadline set forth in this order will result in dismissal of this action of defendant Runjyin without prejudice pursuant to Fed. R. Civ. P. 4(m), and dismissal of this action for failure to prosecute pursuant to Fed. R. Civ. P. 41(a).**

**IT IS SO ORDERED.**

Dated: 6/17/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] On March 22, 2024, the United States Marshal Service filed another copy of the unexecuted summons with the Court. Dkt. No. 11.