UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB J. AZUCENA, | Case No. 23-cv-03234-HSG |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| RUNJYIN, | |
| Defendant. | |

Plaintiff Caleb Azucena has filed this *pro se Bivens* action. For the reasons set forth below, the Court DISMISSES this action without prejudice for failure to either effect service on defendant Runjyin or provide the Court with sufficient information to identify and locate defendant Runjyin such that the United States Marshal is able to effect service.

**DISCUSSION**

On or about June 29, 2023, Plaintiff commenced this *pro se* action by filing a complaint with this Court. Dkt. No. 1. The Court screened the complaint and found that the complaint's allegation that, on February 6, 2022, United States Customs and Borders agent Runjyin grabbed Plaintiff's penis and buttock multiple times during the course of a pat-down at San Francisco International Airport, stated a facially plausible *Bivens* claim. Dkt. No. 7. The Court ordered the Clerk to issue summons and the United States Marshal to serve, without prepayment of fees, a copy of the operative complaint (Dkt. No. 1) and the service order (Dkt. No. 7) upon defendant United States Customs and Border Protection agent Runjyin at the United States Customs and Border Protection San Francisco field office, at 33 New Montgomery Street, 16th Floor, San Francisco, CA 94105, with a courtesy copy sent to United States Custom and Border Protection Associate Chief Counsel (San Francisco), at 555 Battery Street, Ste 116, San Francisco CA 94111.

1     *See* Dkt. No. 7 at 3.  On March 21, 2024, the United States Marshal filed with the Court an

2     unexecuted service of summons for defendant Runjyin, stating that, on January 25, 2024, they

3     were informed that the Customs and Border Protection office was unable to locate any employee

4     with Runjyin as either a first or last name.  Dkt. No. 10.  Accordingly, on April 22, 2024, the

5     Court ordered Plaintiff to provide by May 19, 2024, sufficient information to allow the Marshal to

6     locate and serve defendant Runjyin.  Dkt. No. 12.  On May 15, 2024, the Court granted Plaintiff

7     an extension of time to June 17, 2024 to provide the necessary information.  Dkt. No. 14.

8          On May 29, 2024, Plaintiff filed a pleading on a civil rights complaint form.  Dkt. No. 15.

9     However, this pleading does not seem to be an amended complaint.  Dkt. No. 15 does not make

10     any allegations against defendant Runjyin.  *See generally* Dkt. No. 15.  Instead, Dkt. No. 15

11     appears to be a report as to Plaintiff's attempts at service.  In the body of Dkt. No. 15, Plaintiff

12     states that the defendant's last name is either Runjyin, Runyin, or Runjin; that the defendant is

13     either a United States Border and Customs agent or a TSA agent; and that the defendant is either a

14     citizen of Indonesia or the state of California.  Dkt. No. 15 at 2-3.  Dkt. No. 15 also reports that, on

15     May 26, 2024, at 1:00 p.m., Plaintiff went to SFO International Airport's "U.S. Border and

16     Customs – Global Entry Div & TSA" in an attempt to serve defendant Runjyin, but both US

17     Borders and Customs officer Colridge and TSA supervisor Justin refused to meet with Plaintiff or

18     accept service, and TSA supervisor Justin informed Plaintiff that he had no obligation to effect

19     service for Plaintiff or locate the individual named in the complaint.  Dkt. No. 15 at 4.

20          The deadline has passed, and Plaintiff has neither effected service on defendant Runjyin

21     nor provided the Court with sufficient information to allow the Marshal to effect service.  In Dkt.

22     No. 15, Plaintiff appears to acknowledge that he is uncertain as to the identity of the defendant.

23     He is unclear as to the spelling of Defendant's name, and what federal agency employs Defendant.

24     This action cannot proceed unless Plaintiff can identify the defendant.  This Court has no

25     obligation to assist Plaintiff in identifying the individual who patted Plaintiff down on February 6,

26     2022.  *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the

27     power to act as a party's lawyer, even for pro se litigants."); *see also Pliler v. Ford*, 542 U.S. 225,

28     231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

Fed. R. Civ. P. 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the Court may, on motion or its own after notice to plaintiff, dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). The complaint was filed on June 29, 2023. As of the date of this order, Plaintiff has not served defendant Runjyin or provided the Court with sufficient information to allow the United States Marshal to effect service. Accordingly, this action is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 4(m) because more than 90 days have passed since the complaint was filed and Plaintiff has not served the named defendant. The dismissal is without prejudice to Plaintiff filing a motion to reopen this action once he determines Defendant's identity.[1]

## CONCLUSION

For the reasons set forth above, the Court DISMISSES this action without prejudice pursuant to Fed. R. Civ. P. 4(m). The dismissal is without prejudice to Plaintiff filing a motion to reopen this action once he determines Defendant's identity. The Clerk shall enter judgment in favor of Defendant and against Plaintiff, terminate all pending motions as moot, and close the case.

**IT IS SO ORDERED.**

Dated: 6/20/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Plaintiff may be able to submit a Freedom of Information Act ("FOIA") request to obtain the information needed to identify the federal employee who patted him down on February 6, 2022.